# EXHIBIT B

# EXHIBIT B-1

**HCDistrictclerk.com**     SHOUPE, RYAN vs. STATE FARM LLOYDS     12/24/2019

Cause: 201983288    CDI: 7    Court: 055

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 11/18/2019 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 11/18/2019 | ORIGINAL PETITION | | | 0 | | KLEIN, HUNTER MILAM | SHOUPE, RYAN |
| 11/18/2019 | ORIGINAL PETITION | | | 0 | | KLEIN, HUNTER MILAM | SHOUPE, SANDRA |

# EXHIBIT B-2

11/18/2019 5:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38595647
By: Marcella Hill
Filed: 11/18/2019 5:05 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **RYAN SHOUPE and SANDRA SHOUPE,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § | |
| | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| *Defendant.* | § | |
| | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Ryan Shoupe and Sandra Shoupe (hereinafter collectively referred to as "Plaintiffs" and/or "Shoupe"), complain of State Farm Lloyds (hereinafter referred to as "Defendant" and/or "State Farm") and respectfully show as follows:

## I.
## DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.   This case involves complex issues and will require extensive discovery.   Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## II.
## PARTIES AND PROCESS SERVICE

2.    Plaintiffs are individuals residing in Texas.

3.    Defendant State Farm is an insurance company engaging in the business of insurance in the State of Texas. Defendant State Farm may be served through their registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

4.    The Clerk is requested to issue Citations.

### III.
### JURISDICTION

5.      Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. Such damages sought are within the jurisdictional limits of the court.   Plaintiffs contend that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. § 47.

6.      The court has jurisdiction over Defendant State Farm because this Defendant engages in the business of insurance in Texas, and because Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

### IV.
### VENUE

7.      Venue is proper in Harris County, Texas, because the insured property giving rise to this cause of action is situated in Harris County, Texas.   TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

8.      Defendant has been provided, in writing, of the claims made by Plaintiffs in this petition, including Plaintiffs' actual damages, in the manner and form required pursuant to TEX.INS. CODE § 542A.003. Plaintiffs have received a copy of such notice.

9.      All other conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; or Defendant is otherwise estopped from raising same due to Defendant's prior breach of the insurance contract.

### VI.
### FACTS

10.     Plaintiffs are the owner of property located at 2909 Southmore Blvd., Houston, Texas 77004 ("Property").   The Property was insured by insurance policy number 53-BK-F043-2,

issued by Defendant State Farm (the "Policy").  Plaintiffs are the owners of the Property and Policy, and the named insureds under the Policy.

11.     On or about September 2, 2017, or another time when the Policy was in effect, a severe wind storm caused substantial damage to the Property and constituted a covered loss under the Policy.  After becoming aware of the damages to their Property as a result of the storm, Plaintiffs made a claim (claim no. 53-1476-H80) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiffs made the Claim, Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiffs' claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

12.     Defendant assigned an improper and biased adjuster to investigate Plaintiffs' Claim. Defendant's adjuster's inspection was performed with a pre-determined approach designed to wrongfully deny Plaintiffs' Claim.

13.     Defendant's adjuster omitted numerous areas of covered losses and failed to incorporate the full extent of storm-caused damages to the Property.  Specifically, Defendant's adjuster completely ignored the significant wind-caused damages from the said storm, and wrongfully claimed that the damages to the Property's roof were not from the said storm.

14.     Defendant's adjuster also improperly classified the Property during the adjustment of the Claim, which led to further delays that Defendant did not properly deal with.

15.     Defendant's adjuster failed to perform a proper and adequate inspection of the Property due to numerous distractions during the inspection that were irrelevant to the Claim or the investigation.

16.     Defendant and their adjusters made numerous inconsistent statements during the investigation. Specifically, Defendant's adjuster ignored the water meter reading at the Property and claimed Defendant has no use for such readings. Subsequently, Defendant requested such readings and required them for their investigation. Defendant's prior claim that water and moisture readings are not needed for their investigation was a misrepresentation and shows Defendant's improper inspection and Claim handling process.

17.     Defendant grossly undervalued the damages at the Property despite the storm-caused damages from the wind being obvious from the outset of their investigation

18.     Plaintiffs retained their own consultants to investigate the Claim and inspect the Property for damages. Plaintiffs' consultants identified numerous areas of storm-caused damages to the Property, specifically damages from wind and wind-driven rain. Defendant was provided with the estimates from Plaintiffs' consultants.

19.     Defendant was then put on notice of the storm-caused damages which they intentionally omitted in their prior valuations of the Claim. Despite this information about the covered losses, Defendant failed to properly incorporate these covered losses in their subsequent valuations. Further, Defendant failed to perform proper reinvestigations after they were made aware of this information. Defendant continued to ignore this new information about the covered losses in an effort to avoid liability as owed under the Policy.

20.     Defendant performed a third inspection of the Property. Plaintiffs' consultants were present and attempted to identify storm-caused damages at the Property to Defendant. Defendant completely ignored this information and instead performed the inspection by intentionally overlooking the damages and the information provided by the consultants.

21.     Defendant offered an inadequate payment for the Claim that grossly undervalued the covered losses at the Property. Defendant's payment and valuation was based off its prior misrepresentations about the damages and Policy terms.

22.     Defendant failed to properly cooperate with Plaintiffs in the handling of the Claim. Defendant intentionally and unnecessarily delayed the full resolution of the Claim without providing any proper explanation for their delay. Defendant's delay caused the Property to experience subsequent damages as a result, for which Defendant continued to ignore and continued to wrongfully deny any liability for.

23.     Plaintiffs were forced to retain the undersigned counsel as a result of Defendant's acts and omissions.

24.     Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy. Defendant failed to conduct a proper investigation of Plaintiffs' Claim, and misrepresented to Plaintiffs about the coverage of the Policy. Thus, their denial to fully compensate Plaintiffs was a misrepresentation of the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

25.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Claim, when Defendant's liability was reasonably clear. Specifically, Defendant adjusted the entire Claim with an outcome-oriented approach and failed to commence investigation of the Claim. Defendant failed to perform a proper investigation into the Claim. This resulted in Defendant's delayed completion of the investigation of the Claim. Defendant failed to use any qualified adjusters and inspectors to conduct investigations of the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

26.     Defendant failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement.  Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any

explanation why full payment was not being made. Furthermore, Defendant did not properly communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

27.    Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive proper indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.   Defendant continued to rely on misrepresentations in their inadequate explanation and refused to adjust or fully account for the additional documents presented to them evidencing storm damage to the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

28.    Defendant refused to fully compensate Plaintiffs for the Claim without conducting a reasonable investigation of the Claim.  Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' Claim.   Further, Defendant continued to rely on misrepresentations about the covered perils under the Policy and failed to conduct proper investigations after being put on notice of the covered losses at the Property. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

29.    Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim.   Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

30.     Defendant failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information.   Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

31.     Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for Plaintiffs' claim. The Property's covered damages under the Policy were made known to Defendant at the outset of the Claim investigation, yet Defendant refused to comply with their obligations and make payments owed under the Policy. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.058.

32.     From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

33.     Defendant knowingly and/or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiffs.

34.     Because of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the law firm who is representing Plaintiffs with respect to these causes of action.

**VII.**
**CAUSES OF ACTION AGAINST DEFENDANT STATE FARM**

35.     Defendant State Farm is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

36.     Plaintiffs reincorporate and reallege each and every allegation in the preceding paragraphs as if fully set forth herein.

###     A.     Breach of Contract.

37.     The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendant State Farm.  Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiffs injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

###     B.     Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

38.     The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

39.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

40.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

41.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

42.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

43.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

44.     Defendant's conduct described above compelled Plaintiffs to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater.  This continued failure compelled Plaintiffs to file suit. TEX.INS.CODE §542.003(5).

         **C.     Prompt Payment Of Claims Violations.**

45.     The Claim is a claim under an insurance policy with Defendant State Farm of which Plaintiffs gave Defendant notice.  Defendant is liable for the Claim.  Defendant violated the

prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiffs all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055. Specifically, Defendant failed to properly acknowledge receipt of the Claim in writing pursuant to the Texas Insurance Code. Defendant performed an inadequate investigation and failed to request the documents required for them to make a proper decision on the Claim.

b) Failing to notify Plaintiffs in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056. Defendant delayed making a decision of the claim. Defendant failed to provide a proper explanation for its reasons for denial and relied on misrepresentations in the denial and underpayment of Plaintiffs' claim.

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. To date, Defendant has continued to delay payment of the Claim. Defendant has not conducted a reasonable investigation of the Claim and have refused to pay the full amount owed under the Policy by relying on misrepresentations about the covered losses.

46.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.    Breach Of The Duty Of Good Faith And Fair Dealing.**

47.    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiffs were reasonably clear.  Defendant's conduct proximately caused Plaintiffs injuries and damages.

**VIII.**
**KNOWLEDGE**

56.    Each of the Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## IX.
## DAMAGES

57.     Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

58.     For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, together with attorney fees.

59.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs ask for three times Plaintiffs' actual damages.  TEX.INS.CODE §541.152.

60.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' Claim, penalty interest per annum (calculated by adding five (5) percent to the current interest rate as determined by the Board of Governors of the Federal Reserve System) of the amount of Plaintiffs' claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

61.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

62.     Defendant's acts and omissions, through their breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code, caused Plaintiffs to retain a Public Adjusting firm and relinquish a portion of any payment made on the Claim for the services provided by the Public Adjusting firm. Therefore, Plaintiffs are entitled to

recover a sum for these direct and foreseeable consequential damages from Defendant's wrongful acts and omissions.

63.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the law firms whose names are subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

64.     Plaintiffs hereby request a jury trial and tenders the appropriate jury fee.

## XI.
## REQUEST FOR DISCLOSURE

65.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

66.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show itself to be justly entitled.

Respectfully submitted,

**GREEN & KLEIN**

By:     _/s/    Hunter M. Klein_
HUNTER M. KLEIN
State Bar No.: 24082117
klein@greentriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
440 Louisiana St., Suite 1900
Houston, Texas 77002
(713) 654-9222 - Telephone
(713) 654-52155 - Fax

# EXHIBIT B-3



**null / ALL**
**Transmittal Number: 20725966**
**Date Processed: 11/21/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Ryan Shoupe vs. State Farm Lloyds |
| **Matter Name/ID:** | Ryan Shoupe vs. State Farm Lloyds (9786063) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-83288 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/20/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Hunter M. Klein<br>713-654-9222 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Receipt Number: 871052
Tracking Number: 73697819

**COPY OF PLEADING PROVIDED BY PLT**

DELIVERED: 11/20/19
By: KM

CAUSE NUMBER: 2019-83288

PLAINTIFF: SHOUPE, RYAN

In the 055th Judicial

vs.

District Court of

DEFENDANT: STATE FARM LLOYDS

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS (AN INSURANCE COMPANY) MAY BE SERVED THROUGH ITS REGISTERED
AGENT CORPORATION SERVICE COMPANY

211 E 7TH STREET SUITE 620

AUSTIN TX 78701

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on November 18, 2019, in the above numbered and styled
cause on the docket in the above Judicial District Court of Harris County, Texas, in
the courthouse in the City of Houston, Texas. The instrument attached describes the
claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
November 19, 2019.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MARCELLA SINGLETON

Issued at request of:
KLEIN, HUNTER MILAM
440 LOUISIANA STREET SUITE 1900
HOUSTON, TX 77002
713-654-9222

Bar Number: 24082117

CTH: 11/20/19 at 8:45 AM

# EXHIBIT B-4

**CAUSE NO. 2019-83288**

| | | |
|---|---|---|
| RYAN SHOUPE and SANDRA SHOUPE | § | IN THE DISTRICT COURT OF |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | |
|     *Defendant.* | § | 55TH JUDICIAL DISTRICT |

---

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

---

Defendant State Farm Lloyds files this Original Answer to Plaintiffs' Original Petition.

### GENERAL DENIAL

1.      Defendant generally denies all material allegations contained in Plaintiffs' Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant requires Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendment thereto, by a preponderance of the evidence.

### JURY DEMAND

2.      Defendant respectfully demands a trial by jury.

### PRAYER

Defendant State Farm Lloyds prays that upon final trial and hearing hereof, that Plaintiffs take nothing, and that Defendant recovers its costs, fees, and expenses, and such other further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**


By:    */s/ M. Micah Kessler*
         M. Micah Kessler
         State Bar No. 00796878
         Morgan Y. Bird
         State Bar No. 24109646
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email: mbird@nck-law.com
**COUNSEL FOR DEFENDANT,**
**STATE FARM LLOYDS**


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 24, 2019, in the manner(s) prescribed below:

    Hunter M. Klein
    Robert D. Green
    Green & Klein
    440 Louisiana Street, Suite 1900
    Houston, Texas 77002
    **VIA EFILE**


         */s/ Morgan Y. Bird*
         Morgan Y. Bird

2

[Print this page](#)

# Case # 201983288 - SHOUPE, RYAN v STATE FARM LLOYDS

**Case Information**

| | |
|---|---|
| Location | Harris County - 55th Civil District Court |
| Date Filed | 12/24/2019 1:59 PM |
| Case Number | 201983288 |
| Case Description | SHOUPE, RYAN v STATE FARM LLOYDS |
| Assigned to Judge | |
| Attorney | M Kessler |
| Firm Name | Nistico Crouch & Kessler PC |
| Filed By | Tyffeni Nguyen |
| Filer Type | Attorney |

**Fees**

| | |
|---|---|
| Convenience Fee | $1.16 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $40.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $41.16 |

**Payment**

| | |
|---|---|
| Account Name | AMEX 6004 |
| Transaction Amount | $41.16 |
| Transaction Response | |
| Transaction ID | 58790005 |
| Order # | 039490465-0 |

---

**Answer/ Response / Waiver**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Answer/ Response / Waiver |
| Filing Description | State Farm's Original Answer |
| Reference Number | |
| Comments | |

Status                                      Submitting

**Fees**

Court Fee                                   $40.00

Service Fee                                 $0.00


Optional Services

Jury Fee                                    $40.00

**Documents**

*Lead Document*              20191224 - Shoupe, Ryan - SF Original Answer.pdf     [Original]


**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Andrea Galvan<br>agalvan@greentriallaw.com | | EServe | Not Sent | No | Not Opened |
| Hunter M. Klein<br>klein@greentriallaw.com | | EServe | Not Sent | No | Not Opened |